

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2004

# Elliott v. Kiesewetter

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Elliott v. Kiesewetter" (2004). *2004 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 03-1681, 03-1682 & 03-1797
_____

CONSTANCE K. ELLIOTT; PATRICIA J. KIESEWETTER; LINTON A. ELLIOTT;
CHARLES L. ELLIOTT; JONATHAN B. ELLIOTT, Minors by CONSTANCE K.
ELLIOTT, their parent and guardian,

v.

WILLIAM B. KIESEWETTER, JR.; JAYNE H. KIESEWETTER.


William B. Kiesewetter, Appellant in No. 03-1681.
Jayne H. Kiesewetter, Appellant in No. 03-1682.
Patricia J. Kiesewetter; Linton A. Elliott; Charles L.
Elliott; Jonathan B. Elliott; Constance K. Elliott,
Appellants in No. 03-1797.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 94-0576)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2004

BEFORE: SLOVITER, VAN ANTWERPEN AND COWEN, <u>Circuit Judges</u>

(Filed: October 18, 2004)
_____

OPINION
_____

<u>VAN ANTWERPEN, Circuit Judge</u>

These appeals arise from a jury trial concerning the alleged fraudulent conveyance of family assets by Appellants Jayne and William Kiesewetter (the "Kiesewetters") to the detriment of Appellees and Cross-Appellants Constance Elliott, Patricia Kiesewetter, Linton Elliott, Charles Elliott and Jonathan Elliott (the "Beneficiaries"). Judgment was entered on February 26, 2003, and the parties filed timely notices of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the two appeals and cross-appeal.

## I.

As the parties are familiar with the facts of this case, we review them only briefly. The parties are all members of the same family. They have previously litigated the assets at issue. *See Elliott v. Kiesewetter*, 98 F.3d 47 (3d Cir. 1996). In the matter now before us, Beneficiaries' fraudulent transfer action alleged the illegitimacy of asset transfers by William Kiesewetter to Jayne Kiesewetter. The transfers at issue involved money as well as real estate in Pittsburgh and Florida. At trial, Beneficiaries presented evidence of, *inter alia*, computer spreadsheets summarizing accounting activity and an expert witness in the field of asset valuation. On December 20, 2002, the jury answered special verdict interrogatories, finding the Kiesewetters fraudulently transferred the properties and money and that Jayne Kiesewetter was unjustly enriched as a result. The jury also awarded punitive damages against both Kiesewetters. In its final judgment and order, the District Court reduced the underlying damages award by approximately $1.5 million to reflect monies the Beneficiaries had already recovered from the Kiesewetters. The

2

District Court then awarded prejudgment interest.

## II.

All told, the parties raise some thirteen issues on appeal. However, the Kiesewetters fail to pursue certain issues, and they raise others for the first time on appeal. "When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal." *Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993). Further, "[t]his Court has consistently held that it will not consider issues raised for the first time on appeal." *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994). Those issues are therefore waived.[1] We address the remaining issues in turn.

The Kiesewetters first contend it was error for the District Court to admit the Beneficiaries' computer spreadsheets. We review the District Court's decision to admit evidence for abuse of discretion. *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1341 (3d Cir. 2002). The admissibility of the spreadsheets is governed by Fed.R.Evid. 1006, which allows presentation of voluminous writings in summary form provided the

---

[1] Jayne Kiesewetter waives: (1) whether the District Court erred in not allowing the jury to determine her intent; (2) whether the District Court erred "in allowing an attorney to withdraw a few weeks before trial"; (3) whether the District Court erred in "forcing" her to appear *pro se*; (4) whether the District Court erred in not admitting exhibits establishing her state of mind; and (5) whether the District Court erred in structuring the special verdict interrogatories "such that she could not win." William Kiesewetter waives: (1) whether the District Court erred in granting partial summary judgment against the Kiesewetters in previous litigation between the parties; (2) whether the District Court erred in allowing the jury to consider punitive damages; and (3) whether the District Court applied the incorrect fraudulent transfer statute in the parties' previous litigation, resulting in application of an incorrect statute of limitations.

3

underlying originals be made available for examination. Here, the record shows the Kiesewetters had such opportunity and that the summaries contained only information set forth in those underlying originals. To the extent the Kiesewetters contend the underlying records were inadmissible, our review of the record shows that neither of them made such an objection at trial. The contention is therefore waived. *See, e.g., Pennsylvania Environmental Defense Foundation (P.E.D.F.) v. Canon-McMillan School District*, 152 F.3d 228, 233 (3d Cir. 1998) ("In the usual circumstance, a party's failure to object will result in waiver of an issue on appeal."). While we have recognized that the concept of plain error may be applied in the civil context, the exercise of such power is reserved for "serious and flagrant" errors jeopardizing "the integrity of the proceeding." *Id.* at 234; *see generally Walden v. Georgia-Pacific Corp.,* 126 F.3d 506, 520-521 (3d Cir. 1997), *cert. denied*, 523 U.S. 1074 (1998). Here, the record shows no such error occurred.

The Kiesewetters next contest the admissibility of the Beneficiaries' expert witness. The admissibility of expert testimony is governed by Fed.R.Evid. 702. We have summarized the requirements of Rule 702 as focusing on the "trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Here, the record shows the Beneficiaries' expert possessed the specialized expertise necessary for

4

qualification, employed a methodology necessary for reliability, and gave relevant testimony that assisted the jury. *See generally In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-743 (3d Cir. 1994). The expert had been qualified previously and testified here that his methodology is customarily relied upon in his industry for the valuation of assets, a subject beyond the experience of most jurors. For these reasons, we discern no abuse of discretion as to the admission of the Beneficiaries' expert.

Next, all parties contend insufficient evidence supported certain of jury's answers to the special verdict interrogatories. Our review is plenary, but because the jury determined the issues, "our scope of review is limited to examining whether there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner." *Le v. University of Pennsylvania*, 321 F.3d 403, 406 (3d Cir. 2003). Additionally, because the jury in this case answered special verdict interrogatories, and because the parties allege inconsistencies in those answers, we observe that "a verdict must be molded consistently with a jury's answers to special interrogatories when there is *any view* of the case which reconciles the various answers." *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1159 (3d Cir. 1989), *cert. denied*, 493 U.S. 993 (1989) (emphasis added); s*ee also Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp.*, 626 F.2d 280, 293 (3d Cir. 1980) ("Since there is at least one way to explain the jury's answers to the interrogatories, we are bound to affirm them."). "Thus, our role as an appellate court is limited to determining, after plenary review, *cf. Bradford-White*, 872

F.2d at 1158, whether the district court's molding of the jury's answers is a minimally plausible 'view of the case.'" *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 764 (3d Cir. 1990).

In this regard, the Kiesewetters first contend the District Court failed to mold the verdict properly by failing to deduct approximately $1.5 million from the jury's verdict to offset sums the Beneficiaries had already recovered in prior litigation. Our review of the record, however, shows that the Beneficiaries moved the District Court to deduct $1,533,826.80 from the jury's award of $2,842,000.00, thus reducing the fraudulent transfer judgment against the Kiesewetters to $1,308,173.20. This was the sum the District Court entered as judgment before adding prejudgment interest, which neither of the Kiesewetters now contests. Accordingly, we do not find error.

The Kiesewetters next argue that the special verdict interrogatories caused the jury to make an inconsistent, duplicative award which the District Court failed to modify. Because our review of the record shows that neither of the Kiesewetters ever objected to the special verdict form, this issue is waived. *Neely v. Club Med Mgmt. Services, Inc.,* 63 F.3d 166, 200 (3d Cir. 1995) ("[W]here a defendant fails to object to . . . special verdict forms . . . objections are waived."). Even were this Court to engage in a plain error review, *Walden,* 126 F.3d at 520-21, the record shows the District Court and the parties anticipated that the Beneficiaries' separate fraudulent transfer and unjust enrichment theories could properly address separate harms if the jury viewed the sums fraudulently

6

transferred as distinct from any rents and profits subsequently gained through use of the acquired properties. As such, we cannot find error in the District Court's decision not to mold the jury's answers on this point.[2]

Finally, the above considerations also govern the Beneficiaries' contention on cross-appeal that the jury inconsistently answered the special verdict interrogatories regarding the Florida property. Here, the record shows that "there is at least one way to explain the jury's answers to the interrogatories." *Jones & Laughlin Steel Corp.*, 626 F.2d at 293. The jury heard testimony that Jayne Kiesewetter paid $60,894.44 towards the property some eight months after William Kiesewetter had purchased it with fraudulently transferred funds; that her payment came from an account she had opened in 1992 in her sole name; and that she had made an oral agreement with her husband that she would make additional payment with funds from the sale of her property in Colorado. This evidence allows a view of the case whereby most of the Kiesewetters' transfers were part of a fraudulent scheme, but not all. Whether or not this one transfer from Jayne Kiesewetter to her husband was part of their overall scheme was precisely one of the questions directed to the jury in the special verdict interrogatories, and it was

---

[2] We also note that, to the extent the Kiesewetters' contentions rest upon a claim that the evidence was insufficient to support the jury's answers to the special interrogatories, the record shows that neither of them moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50 at the close of all the evidence. Such failure "'wholly waives the right to mount any post-trial attack on the sufficiency of the evidence.'" *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 364 (3d Cir. 1999) (quoting *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1262 (3d Cir. 1999)).

well within the jury's role as fact finder to determine it was not. The District Court's decision not to mold the jury's answer on this point reconciles all of the jury's answers through a view of the case that is "minimally plausible." *McAdam*, 896 F.2d at 764. As such, "we are bound to affirm them." *Jones & Laughlin Steel,* 626 F.2d at 293.

## IV.

## CONCLUSION

For the above reasons, we will affirm the judgment of the District Court.